UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. CR 08-0730 WHA (BZ) |
| | ) | |
| v. | ) | **DETENTION ORDER** |
| | ) | |
| MARLON PALER LUMANG, | ) | |
| | ) | |
| Defendant. | ) | |

On November 18, 2008, I heard the government's motion to detain Marlon Lumang. Defendant was present and represented by Linda Fullerton. Assistant United States Attorney Wilson Leung appeared for the United States.

Since defendant did not request an interview, Pretrial Services did not have opportunity to provide a bail study or to make a release recommendation. It did provide a criminal history.

Having considered the parties' proffers and a statement made by defendant's mother, I find that the government has met its burden of showing, by a preponderance of the evidence, that defendant is a flight risk and that no conditions have

been presented to me which would alleviate that risk. The government, however, has not satisfied me that defendant presents a danger to the community such that conditions might not adequately mitigate that danger. In so finding, I have considered the following factors:

1. Defendant is charged by indictment with two violations of Title 18, United States Code, Section 553(a)- Attempted Exportation of Stolen Vehicle. If convicted, he faces a maximum of 10 years in prison on each charge. No information was presented as to his guideline range. While the facts of the offense are the least important factor in my determination, the government has proffered that it has strong evidence against defendant, including a video tape and the testimony of an undercover officer. Both of these facts provide some incentive to flee.

2. Based upon the limited information presented, defendant does not have strong ties to the community. Defendant's only connection to the Bay Area is his mother, who lives in San Francisco. When questioned by the court, defendant's mother stated that the majority of defendant's family, including his father, uncles and aunts live in Hawaii, where defendant grew up. Defendant's mother also stated that defendant has spent a large portion of his life in Nevada. The court received no other information about defendant's residence history, about his educational background, about his employment or about other ties he might have to the community.

3. The government proffered that he has used an alternative social security number, which was not refuted.

Defendant was convicted in 1998 of possessing someone's credit card and was charged last month with using another person's identity. All this raises the possibility that defendant again could gain false identification, which could assist him in flight. He has several failures to appear on his record, which were not explained.

4. I am also concerned that defendant is not amenable to supervision. Defendant has previously committed a crime while on probation. He was not released on bail in his current San Mateo case.

5. Defendant's mother is willing to act as a surety. However, her employment suggests that she may not be a financially responsible person and no security for a bond was offered.

6. All the above factors establish that he is a flight risk.

7. The government proffered that he has two felony and three misdemeanor convictions, mostly theft related. It proffered that he was affiliated with the MS 13 gang, which was not refuted. He is not believed to be a gang member and there is no evidence that defendant has any gang tattoos. While there is clearly evidence of danger to the community, I find the government has not established by clear and convincing evidence that defendant presents a danger to the community which could not be controlled by conditions.

8. For the reasons set forth above, I find, by a preponderance of the evidence, that defendant presents a risk of flight and that no conditions have been presented that will

reasonably assure the defendant's appearance, or alleviate the risk of flight.

Therefore, **IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 18, 2008

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\LUMANG DETENTION ORDER.wpd