UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. S2-CR-08-0730-WHA(BZ) |
| v. | ORDER DETAINING DEFENDANT PENDING TRIAL |
| MARLON LUMANG, | |
| Defendant. | |

The defendant, Marlon Lumang, is charged with two counts of attempted exportation of a stolen vehicle, in violation of 18 U.S.C. §§ 553(a) and 2. The defendant was initially ordered detained based on risk of flight, but on April 1, 2009, due to the fact that a term of state custody imposed on the defendant had been served, the Court, at the defendant's request and with the consent of the Government, re-opened the defendant's detention proceeding. At this second detention hearing, the defendant, present and in custody, was represented by Linda Fullerton, Esq., while the Government was represented by Assistant United States Attorney W.S. Wilson Leung. The parties proceeded by proffer. Both sides had an opportunity before the hearing to review a report prepared by Pretrial Services, which recommends detention.

After considering the evidence and the parties' arguments, the Court orders that the defendant be detained pending trial. The Court finds by a preponderance of the evidence that the

defendant is a risk of flight and by clear and convincing evidence that he is a danger to the community and that, under 18 U.S.C., Section 3142(e), no condition or combination of conditions will reasonably assure his appearance as required for the following reasons:

1. The defendant is charged in an indictment with two counts of a violation of Title 18, U.S.C. Section 553(a) - Attempted Exportation of a Stolen Motor Vehicle. He faces a total possible sentence of 20 years' imprisonment and possible deportation as a collateral consequence of his conviction, thereby giving him an incentive to flee.

2. Although the least important of the various factors under Ninth Circuit law, based on the Government's proffer, the evidence against the defendant is strong. Among other things, the evidence includes testimony from an undercover agent to whom the defendant delivered two stolen vehicles, as well as the defendant's admissions made after his arrest in which he stated, in sum and substance, that he merely delivered the vehicles and did not steal them himself.

3. Defendant is a citizen of the Philippines and a legal resident of the United States. He lived in the Philippines until he was a teenager. Defendant reported to Pretrial Services that he does not possess a passport. Defendant's mother stated during the hearing that the defendant has a Philippine passport, though he denied that fact to Pretrial Services. He has previously used an alternate social security number, and has been convicted of Identity Theft. Defendant's ties to the Philippines along with his prior history of identity theft suggest he has some means of flight.

4. Defendant's ties to the community are not strong. He has strong ties to his mother, who supports his release. He is estranged from most of his other family members, including his father who resides in Hawaii, and his sister who resides in Redding, California. Defendant does not have a stable residential or employment history.

5. The defendant's criminal history indicates that he has committed a variety of crimes since 1997, and while most of the early crimes were misdemeanors, the defendant's most recent two convictions — with the most recent conviction dating from January 2009 — involved felonies.

6. The defendant's conduct also indicates that he cannot or will not comply with conditions of release. According to his criminal history, he has multiple failure to appear violations over the years, which — although possibly for minor offenses — nevertheless cast doubt on his future willingness and ability to comply with release on bail. He has also committed at least one felony offense while on probation for another offense. He also has two active warrants for his arrest from the state of Nevada. Although Nevada will not seek to have him extradited for these open warrants, the fact that the warrants exist further confirms that the defendant possesses a casual disregard for the law and his obligation to comply with court orders.

7. Although the defendant's mother has offered to sign an unsecured bond on her son's behalf, this offer by itself is insufficient to allay the risk of flight or danger he poses.

8. With respect to danger, although the defendant may have associated himself with members of the transnational gang *La Mara Salvatrucha*, there is no indication that the defendant himself is violent. However, as detailed above, the defendant is, quite simply, a recidivist, and the trend over the years is that the crimes he has been committing are becoming more serious, culminating with the federal allegations pending against him. Accordingly, this Court also finds by clear and convincing evidence that the defendant is also a danger to the community and that his detention is required to ensure that the community is safe from the defendant's recidivism.

Based on the foregoing, the Government's motion for detention is **GRANTED. IT IS HEREBY ORDERED** that:

1. The defendant be detained pending trial under 18 U.S.C. section 3142;

2. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeals;

3. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

4. On order of a court of the United States or on request of an attorney for

the Government, the person in charge of the corrections facility where the defendant is confined shall deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED**

DATED: April __2__, 2009

HON. BERNARD ZIMMERMAN
United States Magistrate Judge



g:\bzall\criminal\orders\detention\2009\Lumang Order of Detention Final Version.wpd

4